HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | CASE NO. CR04-5495RBL |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| BRYAN C. STRINGER, | |
| Defendant. | |

THIS MATTER comes on before the above-entitled court upon Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). [Dkt. #26]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

The defendant was sentenced on July 26, 2005, for possession of cocaine base with intent to distribute, and for possession of a firearm in furtherance of a drug trafficking offense. The drug offense required a ten-year mandatory minimum sentence and the firearm offense required a consecutive mandatory sentence of five years. The defendant qualified as a career offender with a Total Offense Level of 34, Criminal History Category of VI, resulting in a guideline range of 262 to 327 months. He was sentenced to 120 months pursuant to an 11(c)(1)(C) plea agreement.

ORDER- 1

The defendant seeks a sentence reduction because Amendment 706 to the United States Sentencing Guidelines lowered the base offense level for most cocaine base offenses by two levels. Jurisdiction to grant a sentence reduction in this case is derived from 18 U.S.C. §3582(c)(2) which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of a defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant's motion must be denied for three reasons. First, the defendant was sentenced pursuant to an 11(c)(1)(C) plea agreement. Since his binding plea agreement was not "based on a sentencing range that has subsequently been lowered," 18 U.S.C. § 3582(c)(2), he is not eligible for a sentence reduction. *United States v. Bride*, 581 F.3d 888, 891 (9th Cir. 2009).

Second, the defendant qualified as a career offender. The Ninth Circuit has explicitly held that "a drug offense sentence that is 'based on' a sentencing range calculated under U.S.S.G. § 4B1.1 because the defendant was a career offender cannot have been 'based on' a sentencing range calculated under the § 2D1.1 drug amount table. We thus join our sister Circuits in holding that a career offender sentenced pursuant to § 4B1.1 is not eligible for a sentence reduction under Amendment 706." *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).

Third, the defendant pleaded guilty to a drug count that carried a ten-year mandatory minimum and a firearms count that carried a mandatory five-year consecutive sentence. Where a statutory mandatory minimum sentence is applicable, the passage of a retroactive guideline

ORDER- 2

amendment is irrelevant. *United States v. Mullanix*, 99 F.3d 323 (9th Cir. 1996); *United States v. Jackson*, 577 F.3d 1032, 1034 (9th Cir. 2009).

This Court is without jurisdiction to grant the defendant the relief he seeks; therefore, Defendant's Motion to Reduce Sentence [Dkt. #26] is **DENIED.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this ___ day of March, 2011.

Ronald B. Leighton
United States District Judge